CASE 14—PETITION EQUITY—OCTOBER 6.

# Board of Trustees of Pineville Public Graded Schools v. Bell County Coke and Improvement Company.

### APPEAL FROM BELL COURT OF COMMON PLEAS.

A CORPORATION A "WHITE PERSON."—The property of a corporation is taxable under a statute authorizing the taxation of the property of "white persons" for graded school purposes, unless the corporation claiming that it is exempt shows that its corporators and stockholders are black persons. The manifest intent and spirit of such a statute is that the burden should fall on all the property within the taxing district except that of the blacks, and the burden of showing the exemption is on the one c'aiming it.

WM. LOW AND WM. H. HOLT FOR APPELLEE.

1. Artificial persons may be taxed under an act authorizing the taxation of "white persons" for school purposes. (L. & N. R. Co. v. Commonwealth, 1 Bush, 250.)

2. Corporations are inhabitants within the meaning of the statute. (Angell and Ames on Corporations, secs 440–446; Marshall v. Donovan, &c., 10 Bush, 686.)

3. The spirit of the law authorizing the taxation of "white persons" in certain districts to establish a school. is to exclude only colored persons who derive no benefit, and a corporation which is composed of individuals who have color is not exempt unless those individuals are of black color.

4. An exemption must be shown. If appellee was composed of black persons, and, therefore, exempt, it should have so pleaded. (Trustees of Harrodsburg v. Harrodsburg Ed. Dist., 9 Ky. Law Rep., 605; Fitzpatrick v Board of Trustees, &c., 87 Ky., 132.)

5. The law in question does not impose discriminating taxation. (L. & N. R. Co. v. Boreing, 10 Ky. Law Rep., 227; Dawson v. Lee, 6 Ky. Law Rep., 413; Newman v. Thompson, 9 Ky. Law Rep., 199.)

TINSLEY & FAULKNER FOR APPELLEE.

1. A power delegated to a school district to tax for school purposes the property of "white persons" must be strictly pursued. Only a certain class of natural persons was meant to be taxed, and not artificial persons. (Cooley on Constitutional Limitations, section 643.)

2. The provision that the property sh uld be taxed under the equalization laws excludes corporations as they are not taxable. (Louisville & Evansville Mail Co. v. Barbour, 8 Ky. Law Rep., 436.

3. Corporations having no color, a tax against white persons only excludes corporations. (L. & N. R. Co. v. Boreing, 10 Ky. Law Rep., 227.)

4. If corporations, having no color, can be taxed for white schools, they may also be taxed for colored schools, and that would be double taxation.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The General Assembly by an act approved April 22, 1890, provided for a tax of not over fifty cents on each one hundred dollars worth of property owned by white persons within a designated territory, including the city of Pineville, for the purpose of maintaining a graded school for white pupils.

By virtue of the provisions of the act, the appellants were about to sell the property of the appellee, a corporation created under the laws of Kentucky, when this suit was instituted by the latter to enjoin the sale upon the sole ground that the act authorizes only the taxation of property belonging to white persons and not that belonging to artificial persons. The appellants' demurrer to the petition was overruled, and upon their refusal to plead further the injunction was perpetuated, and the collection of the tax enjoined by the judgment of the court below.

In behalf of the appellees it is insisted that, as an artificial person has no color, it can not be said to be white, and to levy the tax on the property of any person other than white persons is unauthorized by the act. Looking alone to the letter of the act it is difficult to escape this reasoning. If the property only of white persons is to be taxed, and the property in question is not that of a white person, but of one without color, it would follow that it must escape taxation. But unquestionably the Legislature never intended that the property of corporations should be exempt from this tax. And looking to the manifest intent and spirit of the act, we are constrained to the conclusion that the burden was to fall on all the property within the district *except* that of the blacks. They alone are excluded from the benefits of the school, and it is their property only that the tax collector is forbidden to touch. That a corporation is a person is well settled, and that the property of a corporation is taxable under an act which authorizes the taxation of the property of persons is also

well settled. (L. & N. R. Co. v. Commonwealth, 1 Bush, 251.) A corporation is also an inhabitant within the meaning of an act taxing the property of inhabitants. (Angell & Ames on Corp., sec. 440.)

When we consider that the great bulk of all the property in the State belongs to the whites, it might not be at all violative of the legislative intent to say that presumptively the property of the corporations is to be regarded as that of white persons, within the meaning of the act, at least until the contrary is made to appear. In other words, that the corporators and stockholders are presumably white persons, unless it is otherwise shown. Be that as it may, when an exemption from taxation is claimed in a case where the intent, as we may have supposed, is to tax all property, save that of black persons, the burden of showing the exemption is on the one claiming it. Upon its being shown that the corporators and stockholders —who are at last the real owners, and who are natural persons having color—are black persons, the courts may grant the relief sought, but not otherwise.

The demurrer must be sustained, and unless an amendment be filed showing the real owners of the property to be black persons, the injunction must be dissolved and petition dismissed.

Judgment reversed for proceedings consistent with this opinion.